UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

AULISTAR MARK, HANCHEN LU, ANDREW     :    No. 13 Civ. 04347 (AJN) (SN)
HUDSON, and DAVID MATTHEWS, Individually   :    ECF CASE
and on Behalf of All Others Similarly Situated,

                           :    **FIRST AMENDED CLASS /**

            **Plaintiffs,**        :    **COLLECTIVE ACTION**
                           :    **COMPLAINT**

       **-against-**           : 
                           :    **JURY DEMANDED**

GAWKER MEDIA LLC, and NICK DENTON,    : 

       **Defendants.**        : 

------------------------------------------------------------ x

     Plaintiffs Aulistar Mark, Hanchen Lu, Andrew Hudson, and David Matthews,

individually and on behalf of all others similarly situated, by their attorneys, Liddle &

Robinson, L.L.P., upon personal knowledge as to themselves and upon information and belief

as to other matters, hereby file this First Amended Complaint against Defendants Gawker

Media LLC ("Gawker") and Nick Denton ("Denton"), and allege as follows:

## NATURE OF THE ACTION

     1.     This lawsuit seeks to recover unpaid wages, including but not limited to

minimum wages, for Plaintiffs and other similarly situated workers who have been employed

by Gawker in the United States.

     2.     Gawker is an American online media company and weblog network, founded

and owned by Nick Denton based in New York City. Gawker has been listed in major news

publications as being among the most valuable and financially successful weblogs in America.

One article in particular attributes Gawker's high profit margin to its low operating costs,

which are in part attributable to the unpaid labor of its workers.

3.     This is a collective action complaint under the Federal Labor Standards Act and a class action complaint under the New York State Labor Law and other applicable state labor laws based on Gawker's policies and practices of refusing to pay wages to its workers by designating them as "interns," even though they are performing vital work that inures to the benefit of Gawker's various business enterprises.

4.     The practice of classifying employees as "interns" to avoid paying wages is prohibited by federal and state wage and hour laws, which require employers to pay all workers, who provide material benefit to their employer, the minimum wage.

5.     The named Plaintiffs are persons who each worked a substantial number of hours, at least 15 hours a week, for Gawker and were not paid a single cent for their work.  The work they performed—writing, researching, editing, lodging stories and multimedia content, promoting content on social sites, moderating the comments forum and managing the community of Gawker users—was central to Gawker's business model as an internet publisher.

6.     On information and belief, Gawker employs numerous other "interns" in the same way, paying them nothing or underpaying them and utilizing their services to publish its content on the internet, an enterprise that generates significant amounts of revenue for Gawker. Plaintiffs ask this Court to order Gawker to follow the law and compensate its workers for the necessary services that they render to Gawker.

**JURISDICTION AND VENUE**

7.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

8.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

9.   Plaintiff Aulistar Mark ("MARK") is an individual domiciled in New York, New York.

10.   Plaintiff Hanchen Lu ("LU") is an individual domiciled in Canton, Massachusetts.

11.   Plaintiff Andrew Hudson ("HUDSON") is an individual domiciled in San Francisco, California.

12.   Plaintiff David Matthews ("MATTHEWS") is an individual domiciled in New York, New York.

13.   Gawker is a limited liability company organized under the laws of the State of Delaware and with its principal place of business in New York.  Gawker did operate or does operate, inter alia, the following weblogs: Gawker.com, Gawker.TV, Kotaku.com, Lifehacker,com, Deadspin.com, io9.com, Valleywag.com, Defamer.com, Gizmodo.com, and Jezebel.com (collectively, the "Gawker Weblogs").  Gawker advertises itself as "the definitive news and gossip sheet for followers of entertainment, media, and business."

14.   On information and belief, Nick Denton is a citizen of Hungary and the United Kingdom, domiciled in New York State.  On information and belief, Denton is the founder and controlling owner/shareholder of Gawker.  Denton has had the power to set wages and wage policies for Gawker's "interns" and otherwise control the terms and conditions of their employment, and is a covered employer within the meaning of the FLSA and state labor law. At all relevant times, Denton was legally responsible for the violations of the FLSA and state labor law committed by Gawker and alleged in this Complaint.

15.    On information and belief, Defendants were the alter egos of each other, and had such unity of interest and ownership with each other such that their continued treatment as separate persons or entities would be unjust.  On information and belief, Defendants were the agents, principals, employees, employers, managers, shareholders, directors and/or officers, and/or were acting on behalf of each other, such that the actions of each Defendant should be imputed to each other.

## COLLECTIVE ACTION ALLEGATIONS

16.    Plaintiffs MARK and LU bring the First Claim, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons designated as "interns" by Gawker who were not paid the legal minimum for their work on the Gawker Weblogs and who performed duties relating to the creation, promotion and/or management of content on behalf of Gawker, including but not limited to writing, researching, editing, lodging stories and multimedia content, promoting content on social sites, moderating the comments forum and managing the community of Gawker users, during the period between three years prior to the filing of this Complaint and until the date of final adjudication of this action (the "FLSA Collective").

## CLASS ACTION ALLEGATIONS

17.    Plaintiff MARK and MATTHEWS brings the Second Claim, under the New York State Labor Law, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated persons designated as "interns" by Gawker who were not paid the legal minimum for their work on the Gawker Weblogs and who performed duties relating to the creation, promotion and/or management of content on behalf of Gawker, including but not limited to writing, researching, editing, lodging stories and multimedia

content, promoting content on social sites, moderating the comments forum and managing the community of Gawker users, and who worked for Gawker within the State of New York during the period between six years prior to the filing of this Complaint and until the date of final adjudication of this action (the "New York Class").

18.     Plaintiffs HUDSON and LU bring the Third Claim, under New York and other state labor laws, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated persons designated as "interns" by Gawker who were not paid the legal minimum for their work on the Gawker Weblogs and who performed duties relating to the creation, promotion and/or management of content on behalf of Gawker, including but not limited to writing, researching, editing, lodging stories and multimedia content, promoting content on social sites, moderating the comments forum and managing the community of Gawker users, and who worked for Gawker remotely within the United States, but outside of the State of New York during the period between six years prior to the filing of this Complaint and until the date of final adjudication of this action (the "Telecommute Class").

19.     The members of the Telecommute Class entered into employment agreements with Gawker, which is located in New York, and worked for and provided content to Gawker which Gawker utilized in its New York headquarters to produce content on the Internet. Gawker's written policies include a forum selection clause that applies New York law to any disputes between the users of Gawker websites and Gawker. Gawker supervised, controlled, and had the right to supervise and control the work done by the members of the Telecommute Class, and performed such supervision and exercised such control from its headquarters in New York. Thus, the members of the Telecommute Class have substantial connections with New York state and their claims arise out of such connections.

20.    Excluded from each of the Classes are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Gawker; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

21.    Gawker publishes a substantial amount of content, including more than 20 posts each weekday on each of the Gawker Weblogs.

22.    Gawker also publishes content generated by the general public in the form of comments appended to its various weblog posts.

23.    Gawker also republishes and/or links to content from other news and gossip outlets.

24.    Throughout the relevant period, Gawker maintained control, oversight, and direction over Plaintiffs and similarly situated "interns," including with respect to hiring and other employment practices that applied to unpaid or underpaid "interns."

25.    Gawker relies on employees whom it labels as "interns" to create, manage and promote the content on the Gawker Weblogs.   These "interns" work numerous hours, sometimes full-time and sometimes part-time, creating and managing online content and performing other work at the behest of Gawker, and did not and/or do not receive any monetary compensation at all, or are underpaid for their work. The named Plaintiffs and the members of the FLSA Collective, the New York Class and the Telecommute Class were labeled "interns" by Gawker but were actually employees under applicable Federal and State labor laws.

26.     Gawker failed to pay Plaintiffs and the members of the FLSA Collective, the New York Class and the Telecommute Class minimum wages for all hours worked.

27.     On information and belief, Gawker failed to keep accurate or adequate records of hours worked by Plaintiffs, the FLSA Collective, the New York Class, and the Telecommute Class members.

28.     Gawker benefits from the work of its "interns," and without the unpaid or underpaid labor of its "interns," Gawker would either not be able to publish the plethora of content at the Gawker Weblogs and/or would face great difficulty in doing so.  On information and belief, Gawker would have hired additional employees or required existing staff to work additional hours had the class members not performed work for Defendants.

29.     Gawker did not provide academic or vocational training to Plaintiffs or the members of the FLSA Collective, the New York Class or the Telecommute Class.

30.     The named representative Plaintiffs have worked for Gawker and bring this action on behalf of themselves and all others similarly situated.

31.     MARK worked as an unpaid "intern" for Gawker at its New York City headquarters between May and August 2010, creating and promoting content for one of the Gawker Weblogs.  All of MARK's assignments were at the direction and control of an editor from Gawker's New York City headquarters.   He worked approximately 25 hours per week during his tenure at Gawker, and was not paid for a single hour of his work.

32.     LU worked as an unpaid "intern" for Gawker remotely from Canton, Massachusetts between June 14 and October 15, 2010, promoting and managing content that was transmitted to Gawker in New York for the Gawker Weblogs.  All of LU's assignments were at the direction and control of an editor from Gawker's New York City headquarters.   He

worked approximately 15 hours per week during his tenure at Gawker, and was not paid for a single hour of his work.

33.   HUDSON worked as an unpaid "intern" for Gawker remotely from St. Louis, Missouri between June 10 and August 14, 2008, creating and promoting content that was transmitted to Gawker in New York for one of the Gawker Weblogs.  All of HUDSON's assignments were at the direction and control of an editor from Gawker's New York City headquarters.   He worked approximately 24 hours per week during his tenure at Gawker and was not paid for a single hour of his work.

34.   MATTHEWS worked as an unpaid "intern" for Gawker at its New York City headquarters between November 2009 and February 2010, creating and promoting content for one of the Gawker Weblogs.  All of MATTHEWS' assignments were at the direction and control of an editor from Gawker's New York City headquarters.  He worked approximately 25 hours per week during his tenure at Gawker, and was not paid for a single hour of his work.

35.   At all times material to this action, the named representative Plaintiffs of the FLSA Collective were all "employees" of Gawker as defined by applicable law, and worked for Gawker within three years preceding the filing of the instant suit.

36.   At all times material to this action, the named representative Plaintiffs of the New York Class were all "employees" of Gawker as defined by applicable law, and worked for Gawker within six years preceding the filing of the instant suit.

37.   At all times material to this action, the named representative Plaintiffs of the Telecommute Class were all "employees" of Gawker as defined by applicable law, and worked for Gawker within six years preceding the filing of the instant suit.

38.     At all times material to this action, Gawker was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce, and has an annual gross volume of business done of over $500,000.

39.     At all times material to this action, the named representative Plaintiffs, as well as all those similarly situated, were engaged in commerce.

40.     Each of the named representative Plaintiffs herein worked hours while employed by Gawker for which they either received no compensation or received less compensation than was legally required.

41.     Defendants' actions in failing to adequately compensate the named representative Plaintiffs were willful and Gawker was aware of its obligations to pay its employees according to Federal and State law.

42.     On information and belief, Defendants have engaged and continue to engage in a centralized, widespread pattern and practice of labor law violations and intentional schemes designed to undermine and avoid paying its "interns" the compensation to which they are lawfully entitled.

43.     The named representative Plaintiffs, as well as the members of the FLSA Collective, New York Class, and Telecommute Class were and/or are subject to the policies, conduct, and practices of Gawker set forth above.

44.     By misclassifying the named Plaintiffs and other workers as unpaid or underpaid "interns," Defendants have denied them the compensation they are entitled to by law, as well as the benefits that the law affords to employees, including but not limited to unemployment insurance, workers' compensation insurance, and Social Security contributions.

45.    Defendant's violations of applicable labor laws have resulted in damages to Plaintiffs as well as the members of the FLSA Collective, the New York Class and the Telecommute Class.

## FIRST CLAIM

### Violation Of The Federal Labor Standards Act

### (Asserted By Plaintiffs MARK, LU, And The FLSA Collective)

46.    Plaintiffs reallege and incorporate by this reference the allegations in Paragraphs 1 through 45, herein.

47.    Gawker has failed and continues to fail to meet the requirements of the Federal Labor Standards Act by instituting policies and engaging in practices that deprive its interns of lawful compensation, including but not limited to by failing to pay the required minimum wage.

48.    Gawker has failed and continues to fail to keep adequate records of the work performed by its "interns," including hours worked each workday and total hours worked.

49.    As a result of the violations of the FLSA by Gawker, Plaintiffs and the FLSA Collective have suffered damages by failing to receive their lawful wages during their tenure of employment.    In addition, Plaintiffs and the FLSA Collective are entitled to liquidated damages, prejudgment interest, and attorneys' fees.

50.    Attached to and filed with this Complaint as **Exhibit A** are the consent to become party-plaintiff forms signed by each of the named representative Plaintiffs in this lawsuit.

51.     Gawker's actions in failing to compensate the named representative Plaintiffs and other similarly situated employees of Gawker in accordance with the FLSA were not in good faith.

52.     There are numerous other similarly situated "interns" and former "interns" of Gawker who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join it.  Specifically, all current and former "interns" of Gawker should receive notice and the opportunity to join in the present lawsuit.

## SECOND CLAIM
### Violation Of The New York Labor Law
### (Asserted By Plaintiffs MARK, LU, HUDSON, MATTHEWS, The New York Class, And The Telecommute Class)

53.     Plaintiffs reallege and incorporate by this reference the allegations in Paragraphs 1 through 45, herein.

54.     Gawker has failed and continues to fail to meet the requirements of New York Labor Law by instituting policies and engaging in practices that deprive its interns of lawful compensation, including but not limited to by failing to pay the required minimum wage.

55.     Gawker has failed and continues to fail to keep adequate records of the work performed by its "interns," including hours worked each workday and total hours worked.

56.     As a result of the violations of New York Labor Law by Gawker, MARK, LU, HUDSON, MATTHEWS, the New York Class, and the Telecommute Class have suffered damages by failing to receive their lawful wages during their tenure of employment, and are

11

further entitled to statutory damages, liquidated damages, prejudgment interest, and attorneys' fees.

57.     Gawker's actions in failing to compensate the named representative Plaintiffs and other similarly situated employees of Gawker in accordance with New York Labor Law were not in good faith.

## THIRD CLAIM
### Violation Of State Labor Law
### (Asserted By Plaintiffs LU, HUDSON, And The Telecommute Class)

58.     Plaintiffs reallege and incorporate by this reference the allegations in Paragraphs 1 through 45, herein.

59.     Gawker has failed and continues to fail to meet the requirements of applicable State labor law by instituting policies and engaging in practices that deprive its interns of lawful compensation, including but not limited to by failing to pay the required minimum wage.

60.     Gawker has failed and continues to fail to keep adequate records of the work performed by its "interns," including hours worked each workday and total hours worked.

61.     As a result of the violations of State labor law by Gawker, LU, HUDSON and the Telecommute Class have suffered damages by failing to receive their lawful wages during their tenure of employment.   In addition, LU, HUDSON and the Telecommute Class are entitled to statutory damages, liquidated damages, prejudgment interest, and attorneys' fees.

62.     Gawker's actions in failing to compensate the named representative Plaintiffs and other similarly situated employees of Gawker in accordance with State labor law were not in good faith.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalf and on behalf of all other similarly situated persons, seek the following relief:

A. Unpaid minimum wages, unpaid overtime, and unpaid spread-of-hours wages according to proof;

B. Liquidated and statutory damages as permitted by law;

C. Notice issued by the Court to all similarly situated persons;

D. That other similarly situated, past or present, "interns" of Gawker be given the opportunity to join in this lawsuit as party-plaintiffs by filing written consents under the FLSA;

E. Pre-judgment and post-judgment interest;

F. Reasonable attorneys' fees and costs of the action; and

G. Such other relief as this Court shall deems proper.


Dated: New York, New York
         August 20, 2013


                                    LIDDLE & ROBINSON, L.L.P.

                                    By: _____
                                            Andrea M. Paparella
                                    800 Third Avenue, 8th Floor
                                    New York, New York 10022
                                    Telephone:  (212) 687-8500
                                    Facsimile:  (212) 687-1505
                                    Email:  apaparella@liddlerobinson.com

                                    *Attorneys for Plaintiffs*

13

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: New York, New York
       August 20, 2013

                                      LIDDLE & ROBINSON, L.L.P.

                                      By: _____
                                          Andrea M. Paparella
                                      800 Third Avenue, 8th Floor
                                      New York, New York 10022
                                      Telephone:  (212) 687-8500
                                      Facsimile:  (212) 687-1505
                                      Email:  apaparella@liddlerobinson.com

                                      *Attorneys for Plaintiffs*

14

# Exhibit A

JUDGE NATHAN

# 13 CIV 4347

## CONSENT TO JOIN FORM
### Consent to sue under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)

1. I consent to be a party plaintiff in the lawsuit against Gawker Media LLC and Nick Denton in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I was employed by Gawker Media LLC in the position of INTERN from _June 14, 2010_ [DATE] through _October 15, 2010_ [DATE].

3. During my above stated dates of employment, I was not compensated at the legal minimum rate of pay.

4. By signing and returning this consent form, I designate Liddle & Robinson, L.L.P. to represent me and make decisions on my behalf concerning the litigation and any settlement. I am bound to a retainer agreement with Liddle & Robinson, L.L.P., and agree to be bound by its terms.

5. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

6. I also consent to join any separate or subsequent action to assert my claim against Gawker Media LLC and Nick Denton.

Print Name: _Hanchen Lu_

Signature: _____

Date Signed: _6/20/13_

{00015008.3}

## CONSENT TO JOIN FORM
**Consent to sue under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)**

1. I consent to be a party plaintiff in the lawsuit against Gawker Media LLC and Nick Denton in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).
2. I was employed by Gawker Media LLC in the position of INTERN from _June 2008_ [DATE] through _August 2008_ [DATE].
3. During my above stated dates of employment, I was not compensated at the legal minimum rate of pay.
4. By signing and returning this consent form, I designate Liddle & Robinson, L.L.P. to represent me and make decisions on my behalf concerning the litigation and any settlement. I am bound to a retainer agreement with Liddle & Robinson, L.L.P., and agree to be bound by its terms.
5. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.
6. I also consent to join any separate or subsequent action to assert my claim against Gawker Media LLC and Nick Denton.

Print Name: _Andrew Hudson_

Signature: _Andrew Hudson_

Date Signed: _June 18, 2013_

{00015009;3}

## CONSENT TO JOIN FORM
### Consent to sue under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)

1. I consent to be a party plaintiff in the lawsuit against Gawker Media LLC and Nick Denton in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).
2. I was employed by Gawker Media LLC in the position of INTERN from _May 2010_ [DATE] through _August 2010_ [DATE].
3. During my above stated dates of employment, I was not compensated at the legal minimum rate of pay.
4. By signing and returning this consent form, I designate Liddle & Robinson, L.L.P. to represent me and make decisions on my behalf concerning the litigation and any settlement. I am bound to a retainer agreement with Liddle & Robinson, L.L.P., and agree to be bound by its terms.
5. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.
6. I also consent to join any separate or subsequent action to assert my claim against Gawker Media LLC and Nick Denton.

Print Name: _Aulistar Mark_

Signature: _[signature]_

Date Signed: _6/19/13_

{00015009;3}

## CONSENT TO JOIN FORM
### Consent to sue under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)

1. I consent to be a party plaintiff in the lawsuit against Gawker Media LLC and Nick Denton in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).
2. I was employed by Gawker Media LLC in the position of INTERN from _November 1, 2009_ [DATE] through _February 28, 2010_ [DATE].
3. During my above stated dates of employment, I was not compensated at the legal minimum rate of pay.
4. By signing and returning this consent form, I designate Liddle & Robinson, L.L.P. to represent me and make decisions on my behalf concerning the litigation and any settlement. I am bound to a retainer agreement with Liddle & Robinson, L.L.P., and agree to be bound by its terms.
5. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.
6. I also consent to join any separate or subsequent action to assert my claim against Gawker Media LLC and Nick Denton.

Print Name:
_David Matthews_

Signature:
_David Matthews_

Date Signed:
_7/15/13_

{00015009;3}