```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
AULISTAR MARK, HANCHEN LU, ANDREW          :   No. 13 Civ. 04347 (AJN) (SN)
HUDSON, and DAVID MATTHEWS, Individually   :   ECF CASE
and on Behalf of All Others Similarly Situated,  :
                                           :
                Plaintiffs,                :   JOINT INITIAL REPORT
                                           :
        -against-                          :
                                           :
GAWKER MEDIA LLC, and NICK DENTON,         :
                                           :
                Defendants.                :
------------------------------------------------------------------ x
```

**1.    Possible limitations on document preservation (including electronically stored information):**

       Defendants represent that they customarily deleted the email accounts of employees once employees ended their employment with Defendants; since Defendants became aware of the claims asserted in this lawsuit they have taken measures to cease this practice where applicable and preserve evidence concerning the claims asserted in this lawsuit.

**2.    Appropriateness of initial disclosures pursuant to Rule 26(a)(1):**

The parties will serve initial disclosures.

       **a.**    Is there some readily identifiable document or category of documents that should be produced immediately in lieu of initial disclosures?

No.

**3.     Possibility of a stay or limitation of discovery pending a dispositive motion:**

Defendants contend that this case should be stayed pending the Second Circuit's disposition of <u>Wang v. Hearst Corp.</u>, 12 CV 793 HB, 2013 WL 3326650 (S.D.N.Y. June 27, 2013), which is currently pending before that Court pursuant to an Order by this Court (Baer, J.) certifying the matter for interlocutory appeal pursuant to 28 U.S.C. s. 1292(b), and <u>Glatt v. Fox Searchlight Pictures</u>, which is before the Second Circuit on a petition pursuant to Fed. R. Civ. P. 23(f). On May 8, 2013, Judge Baer in <u>Wang</u> denied the interns' motions for summary judgment with respect to "employee" status under the FLSA and NYLL and class certification. In June 3013, Judge Pauley in <u>Glatt</u>, on the other hand, applied the same legal standard as Judge Baer but came out differently. Judge Pauley granted summary judgment determining that two production side Plaintiffs were misclassified as interns and granted the interns' motion for certification.

    <u>Brief summary of Defendants' position:</u>

    Both cases raise the question of, among other things, the legal standards by which unpaid internships are to be evaluated. The defendants in those cases have contended that the legality of an unpaid internship is an individualized inquiry that evaluates the balance of the benefits of the internship as between each intern and the employer, based on the totality of the circumstances presented; the plaintiffs in those cases have contended, in brief, that the performance of any productive work at all is sufficient to require an intern to be paid, regardless of any educational or

2

other benefit that the intern may derive from the experience. Defendant anticipates that the same legal dispute will arise in this case -- or, at a minimum, that this Court will be called upon to decide the legal tests applicable to evaluating an unpaid internship. Since the Second Circuit may shortly be settling that central, fundamental legal issue (at least in this Circuit), it serves the interest of judicial economy, and the preservation of the parties' resources as well, to stay this action pending disposition of the Wang and Glatt cases.

Brief summary of Plaintiffs' position:

Plaintiffs disagree with Defendants' position, and would strenuously object to any motion to stay this action. In particular, and among other things, in denying the interns' motion for class certification, Judge Baer in May 2013 found commonality lacking in Wang v. Hearst Corp., at *7 ("The duties performed by Lead and Opt-In Plaintiffs—to say nothing of the variation within each magazine and corporate department—clearly suggest that internships varied greatly from magazine to magazine.") Judge Baer also found that the interns failed to satisfy the "predominance requirement because the record shows that there is no uniform policy among the magazines with respect to the contents of the internship, including interns' duties, their training, and supervision, such that the analysis of four out of six DOL factors would have to be individualized." Here, commonality is present and the interns performed the same duties as each other—"writing, researching, editing, lodging

stories and multimedia content, promoting content on social sites, moderating the comments forum and managing the community of Gawker users." First Amended Class / Collective Action Complaint, ¶5. Likewise, Plaintiffs satisfy the predominance requirement.

Moreover, any stay of this action would be extremely prejudicial to Plaintiffs. For example, a stay of discovery jeopardizes the preservation of evidence not controlled by Defendants and the named Plaintiffs. Defendants represent herein that they have customarily deleted the email accounts of employees. Former interns who are not class representatives herein and have not yet been contacted in this matter (because in part Plaintiffs' counsel has not yet obtained their names and contact information from Defendants), still may possess valuable electronic evidence, including evidence showing their duties and hours worked. Staying this litigation may result in such evidence being lost forever (e.g., because prospective plaintiffs may discard old emails and information regarding their past employment at Gawker Media, not realizing that they are unknowingly disposing of important information concerning their rights and remedies in this action. Also, memories fade and individuals move. As more time passes, individuals with knowledge of the allegations in this lawsuit may find it increasingly difficult to remember critical facts, particularly if supporting documents also are lost due to the passage of time. Moreover, some individuals who presently reside within this judicial district could relocate to outside of this judicial

4

district, making it more difficult for Plaintiffs to access critical information. Thus, Plaintiffs would strenuously oppose any motion to stay this action. If the Court were to grant a stay in this action, Plaintiffs would request, at the very least, an order: (a) compelling Defendants to produce the names and all known contact information of their "interns" (unpaid or underpaid employees) since June 21, 2007, which is 6 years prior to when this lawsuit was filed, and (b) tolling all statutes of limitations as to all prospective plaintiffs.

**4. Possibility of communication/coordination between the Magistrate Judge and District Judge with respect to pretrial matters:**

The parties appreciate that communication/coordination between the Magistrate Judge and District Judge will facilitate the Court's handling of this case to the benefit of all parties.

**5. Preliminary issues that are likely to arise that will require court intervention:**

Plaintiffs intend to make a motion for conditional certification. As stated above in paragraph 3, Defendants may move to stay this lawsuit pending any review by the U.S. Court of Appeals for the Second Circuit in Wang v. Hearst Corp.

**6. Discovery issues that are envisioned and how discovery disputes will be resolved:**

The parties will make best efforts to avoid seeking the Court's intervention in discovery disputes.

7. **Proposed discovery including:**

   a. **limitations on types of discovery beyond those in the Rules (i.e., waiver of interrogatories, requests for admission, expert depositions):**

   None.

   b. **limitations on scope of discovery:**

   The parties do not anticipate disagreeing on the scope of discovery.

   c. **limitations on timing and sequence of discovery:**

   The parties are negotiating a protocol for the search for electronically stored information. The parties will complete all electronic discovery by June 5, 2014. The parties will complete all fact discovery by September 5, 2014.

   d. **limitations on restoration of electronically-stored information:**

   Defendants represent that they are unable to restore the emails contained in the email boxes of employees whose employment with Defendants ended before Defendants became aware of the claims asserted in this lawsuit.

   e. **agreement to allow depositions of trial witnesses named if not already deposed:**

   The parties agree to allow depositions of trial witnesses named if not already deposed.

    **f.**    **preservation depositions:**

    **g.**    **foreign discovery and issues anticipated:**

    No.

**8.**    **Schedule (as appropriate and possibly excluding public agency cases) including:**

    **a.**    **date(s) for completion of discovery:**

    September 5, 2014.

    **b.**    **date(s) for dispositive motions:**

    October 6, 2014.

    **c.**    **date(s) for exchange for expert reports:**

    30 days after a decision on any motions for summary judgment or decertification.

    **d.**    **date(s) for exchange of witness lists:**

    60 days after any decision on any motions for summary judgment or decertification.

    **e.**    **date (s) for Joint Preliminary Trial Reports and Final Joint Trial Reports:**

    30 days before a trial is scheduled to commence.

      **f.**      **date for Case Management Conference:**

**9.**      **Issues to be tried:**

      **a.**      **ways in which issues can be narrowed to make trial more meaningful and efficient:**

      The issues in the case are straightforward.

      **b.**      **whether there are certain issues as to which a mini-trial would be helpful:**

      No.

**10.**      **Bifurcation:**

Defendants may move to bifurcate with respect to liability and damages.

**11.**      **Class certification issues:**

Plaintiffs intend to move for conditional certification by October 21, 2013.

**12.**      **ADR/mediation:**

The parties do not believe that ADR/mediation would be productive right now, but anticipate that ADR/mediation may be productive in approximately 3 months.

13. **Possibility of consent to trial before a Magistrate Judge:**

The parties may consent to trial before a Magistrate Judge and will be able to provide a final answer at the September 6, 2013 initial pretrial conference.

14. **Pleadings, including sufficiency and amendments, and the likelihood and timing of amendments:**

Plaintiffs do not anticipate amending their First Amended Class / Collective Action Complaint. Defendants do not contest the sufficiency of the First Amended Class / Collective Action Complaint.

15. **Joinder of additional parties, and the likelihood and timing of joinder of additional parties:**

Plaintiffs do not anticipate joining any additional defendants. Additional Plaintiffs may opt-in.

16. **Expert witnesses (including necessity or waiver of expert depositions):**

The parties do not anticipate expert witnesses, but reserve their right to retain experts and to have expert depositions.

17. **Damages (computation issues and timing of damages discovery):**

The parties do not anticipate disagreeing over how to compute damages and damages discovery will be conducted concurrently with liability discovery.

18. **Final pretrial order (including possibility of waiver of order):**

    The parties will file a pretrial order thirty days before any trial is scheduled to commence.

19. **Possible trial-ready date:**

    5 months after the completion of discovery.

20. **Court logistics and mechanics (e.g., communication with the court, streamlined motion practice, pre-motion conferences, etc.):**

    The parties will adhere to the Individual Practices In Civil Cases Of The Honorable Alison J. Nathan.

21. **The need for additional meet and confer sessions, to continue to discuss issues raised at the initial conference among counsel:**

    The parties will meet and confer as issues arise, and make best efforts to avoid seeking the Court's intervention.

Dated:   August 30, 2013

| | |
|---|---|
| LIDDLE & ROBINSON, L.L.P. | PROSKAUER ROSE LLP |
| By: /s/_____<br>      Andrea M. Paparella<br>800 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 687-8500<br>Facsimile: (212) 687-1505<br>Email: apaparella@liddlerobinson.com | By: /s/_____<br>      Mark W. Batten<br>One International Place<br>Boston, Massachusetts 02110<br>Telephone: (617) 526-9850<br>Facsimile: (617) 526-9899<br>Email: mbatten@proskauer.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |