UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AULISTAR MARK, et al.,

                         Plaintiffs,

            -against-

GAWKER MEDIA LLC and NICK DENTON,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Civil Action No. 13-cv-04347-AJN

**ECF Case**

<u>**DEFENDANTS' ANSWER**</u>

      Defendants, Gawker Media LLC and Nick Denton (collectively, "Defendants"), by and through their attorneys, Proskauer Rose LLP, state as follows for their answer to the First Amended Class/Collective Action Complaint (the "Complaint"):

      The first, unnumbered paragraph of the Complaint contains a characterization of this action to which no response is required.

      1.      Defendants admit that plaintiffs purport to bring this action for "unpaid wages," but deny all other allegations of Paragraph 1 of the Complaint, including any claim that plaintiffs or members of the purported class or collective were "employed" by either of the Defendants or that they are owed any compensation.

      2.      Defendants deny the allegations set forth in paragraph 2 of the Complaint.

      3.      Defendants deny the allegations set forth in paragraph 3 of the Complaint, except to admit that plaintiffs attempt to bring this case as a class and collective action. Defendants deny that class or collective treatment is appropriate.

      4.      Defendants deny the allegations set forth in paragraph 4 of the Complaint.

      5.      Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6.      Defendants deny the allegations set forth in paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint contains conclusions of law to which no response is required.

8.      Paragraph 8 of the Complaint contains conclusions of law to which no response is required.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore deny them, except to admit that plaintiff Mark is an individual.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore deny them, except to admit that plaintiff Lu is an individual.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore deny them, except to admit that plaintiff Hudson is an individual.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and therefore deny them, except to admit that plaintiff Matthews is an individual.

13.     Defendants admit the allegations of Paragraph 13 of the Complaint.

14.     Defendants deny the allegations of Paragraph 14 of the Complaint, except to admit that Defendant Denton is a citizen of the United Kingdom and that he is domiciled in New York State.

15.     Defendants deny the allegations of Paragraph 15 of the Complaint.

16.     Defendants deny the allegations set forth in paragraph 16 of the Complaint,

except to admit that Plaintiffs Mark and Lu purport to bring claims as a collective action. Defendants specifically deny that Plaintiffs or the collective they purport to represent are entitled to any relief whatsoever, and deny that this action may properly be maintained as a collective action.

17.     Defendants deny the allegations set forth in paragraph 17 of the Complaint, except to admit that Plaintiffs Mark and Matthews purport to bring claims as a class action. Defendants specifically deny that Plaintiffs or the class they purport to represent are entitled to any relief whatsoever, and deny that this action may properly be maintained as a class action.

18.     Defendants deny the allegations set forth in paragraph 18 of the Complaint, except to admit that Plaintiffs Hudson and Lu purport to bring claims as a class action. Defendants specifically deny that Plaintiffs or the class they purport to represent are entitled to any relief whatsoever, and deny that this action may properly be maintained as a class action.

19.     Defendants deny the allegations set forth in paragraph 19 of the Complaint.

20.     Defendants deny the allegations set forth in paragraph 20 of the Complaint, except to admit that Plaintiffs purport to exclude the described individuals from the classes and collective.

21.     Defendants deny the allegations set forth in paragraph 21 of the Complaint, except to admit that Defendant Gawker publishes content on its weblogs.

22.     Defendants deny the allegations set forth in paragraph 22 of the Complaint, except to admit that members of the public comment on material published on Gawker's weblogs.

23.     Defendants deny the allegations set forth in paragraph 23 of the Complaint, except to admit that Defendant Gawker provides links to other content on the Internet.

24.     Defendants deny the allegations set forth in paragraph 24 of the Complaint.

25.     Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26.     Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27.     Defendants deny the allegations set forth in paragraph 27 of the Complaint.

28.     Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29.     Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in paragraph 30 of the Complaint, except to admit that Plaintiffs purport to bring this action on behalf of themselves and others. Defendants specifically deny that such aggregate treatment is appropriate.

31.     Defendants deny the allegations set forth in paragraph 31 of the Complaint, except to admit that Plaintiff Mark provided content for one of Gawker's weblogs.

32.     Defendants deny the allegations set forth in paragraph 32 of the Complaint, except to admit that Plaintiff Lu provided content for a Gawker weblog and did so from outside New York City.

33.     Defendants deny the allegations set forth in paragraph 33 of the Complaint, except to admit that Plaintiff Hudson provided content for a Gawker weblog and did so from outside New York City.

34.     Defendants deny the allegations set forth in paragraph 34 of the Complaint, except to admit that Plaintiff Matthews provided content for one of Gawker's weblogs.

35.     Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint contains conclusions of law to which no response

4

is required.

39.     Paragraph 39 of the Complaint contains conclusions of law to which no response is required.

40.     Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44.     Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46.     In response to the allegations of Paragraph 46 of the Complaint, Defendants repeat and reallege their answers and responses to Complaint paragraphs 1 through 45 inclusive, as though fully set forth herein.

47.     Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48.     Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint, and therefore deny them.

51.     Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52.     Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53.     In response to the allegations of Paragraph 53 of the Complaint, Defendants repeat and reallege their answers and responses to Complaint paragraphs 1 through 45 inclusive, as though fully set forth herein.

54.     Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55.     Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56.     Defendants deny the allegations set forth in paragraph 56 of the Complaint.

57.     Defendants deny the allegations set forth in paragraph 57 of the Complaint.

58.     In response to the allegations of Paragraph 58 of the Complaint, Defendants repeat and reallege their answers and responses to Complaint paragraphs 1 through 45 inclusive, as though fully set forth herein.

59.     Defendants deny the allegations set forth in paragraph 59 of the Complaint.

60.     Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61.     Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62.     Defendants deny the allegations set forth in paragraph 62 of the Complaint.

The remainder of the Complaint constitutes Plaintiffs' prayer for relief, to which no response is required.  Defendants specifically deny that Plaintiffs are entitled to any relief whatsoever.

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damages sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

Defendants did not employ the plaintiffs or any of the members of the class or collective whom they purport to represent.

## THIRD AFFIRMATIVE DEFENSE

The putative class members' claims are barred, in whole or in part, because they are properly classified as interns and are not employees under applicable law.

## FOURTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, some or all of Plaintiffs' and/or the putative class and collective members' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The types of claims alleged by Plaintiffs, the existence of which are expressly denied, are not appropriate for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

If Defendants are found to have failed to pay Plaintiffs and/or putative collective or class members as alleged in the Complaint any amount due, which allegations Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable belief that their actions were in compliance and conformity with all applicable federal and state laws and/or written administrative regulations, orders, rulings, guidance and/or interpretations, and therefore Defendants' actions were not willful or in reckless disregard of applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

There is no class of persons similarly situated to the Plaintiffs, therefore, this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure or as a collective action pursuant to the Fair Labor Standards Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' monetary claims, and the claims of the putative class and collective, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are inadequate representatives of the class and collective whom they purport to represent, the existence of which are expressly denied.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of putative members of the class and collective, the existence of which are expressly denied, are barred by the doctrines of laches, unclean hands, waiver and/or estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent any Plaintiff, or any member(s) of the putative class or collective, has suffered injury, which Defendants expressly deny, subject to proof through discovery, any such injury is the result of acts or omissions of such Plaintiff or member of the putative class or collective, and not any act or omission of Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

If Defendants are found to have failed to pay any of the Plaintiffs, and/or any putative class or collective members, any amount due, which Defendants deny, Defendants are entitled to set off any overpayments or other sums owed by any such Plaintiff or putative class or collective member against any judgment.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or the putative class or collective members have received full compensation for all work performed, thereby barring their claims by among other things, the doctrines of release and payment.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' monetary claims, and the monetary claims of the putative class and collective members, are barred in whole or in part by their failure to mitigate or avoid their alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, are not sufficient to establish a claim for attorneys' fees.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for liquidated damages renders this action inappropriate for treatment as a class action, and award of such damages on an aggregate basis would deny Defendants due process.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and those of the class and collective they purport to represent, are barred in whole or in part because those individuals benefited more than Defendants from the purported activity on which their claims are based.

**WHEREFORE**, Defendants respectfully request that this Court: (a) dismiss the Complaint in its entirety, with prejudice; (b) deny each and every request for relief set forth in the Complaint; (c) award Defendants their reasonable attorneys' fees and legal expenses; (d)

award Defendants their costs and disbursements incurred in defense of this action; and (e) award

Defendants any other relief the Court deems just and proper.

Respectfully submitted,

Dated:    New York, New York          GAWKER MEDIA LLC
         October 3, 2013              NICK DENTON

By their attorneys,

By: /s/Mark W. Batten
Mark W. Batten
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
Phone: (6170 526-9850
Fax: (617) 526-9899
mbatten@proskauer.com
*Attorney for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on October 3, 2013, a true copy of the foregoing was filed through the Court's electronic filing system (ECF) and was served upon all attorneys of record for each other party to this action through operation of such system.  It is available for viewing and downloading through the ECF system.

*/s/ Mark W. Batten*
Mark W. Batten