Proskauer Rose LLP   One International Place   Boston, MA 02110-2600

May 8, 2014

**VIA ECF**

Mark W. Batten
Member of the Firm
d 617.526.9850
f 617.526.9899
mbatten@proskauer.com
www.proskauer.com

Hon. Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

    Re:    Mark, et al. v. Gawker Media LLC, et al., No. 13 Civ. 04347 (AJN) (SN)

Dear Judge Nathan:

    This firm is counsel to the defendants, Gawker Media LLC and Nick Denton (collectively, "Gawker"), in the above-captioned matter. I write on behalf of the Defendants to notify the Court of supplemental authority that supports Defendants' opposition to Plaintiffs' pending motion for conditional certification (Docket No. 15).

    On May 7, 2014, Judge Furman denied conditional certification in *Fraticelli v. MSG Holdings, L.P., et al*., No. 13 Civ. 6518 (JMF). Several aspects of the reasoning in that decision are directly applicable to the pending motion in this case.

    *Fraticelli*, like Plaintiffs here, sought conditional certification of a proposed collective of unpaid interns. The *Fraticelli* Court confirmed that the mere shared fact of an unpaid internship does not suffice as a showing that plaintiffs are "similarly situated" for purposes of conditional certification under the Fair Labor Standards Act. Slip op. at 2. Plaintiffs' obligation, even for conditional certification, is to show not that the collective was subject to a common policy, but that they were "victims of a common policy or plan that *violated the law*." *Id*. at 3 (quoting Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010)) (original emphasis). Similarly, here, Plaintiffs must show not only that they seek to represent other unpaid interns, but must make at least a "modest factual showing" that Gawker applied a common policy to the proposed collective and that that policy violated the law.

    *Fraticelli* went on to hold that the plaintiffs there failed to make the required showing, with reasoning that applies directly to this case. First, the Court noted that while the plaintiff claimed to have had a poor internship, other interns had submitted declarations describing much more rewarding experiences. The same is true of the record before this Court. Second, the *Fraticelli* Court noted the lack of any evidence that the internship program there was centrally controlled, evidence that similarly is lacking here, and discounted the plaintiff's conclusory statements that, for example, "I know that MSG treated other interns in a manner similar to me based on my observations as well as discussion . . . ."

6880/32851-001 current/43244242v1

Beijing | Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, DC

Proskauer»

Hon. Alison J. Nathan
May 8, 2014
Page 2

      Defendants therefore respectfully submit that, for the same reasons that the Court denied conditional certification in Fraticelli, along with the reasons set forth in Defendant's opposition brief and declarations, Plaintiffs' pending motion for conditional certification likewise should be denied.

                                      Very truly yours,

                                      /s/Mark W. Batten

                                      Mark W. Batten

Enclosure

cc:    Andrea Paparella, Esq.