
Proskauer Rose LLP   One International Place   Boston, MA 02110-2600

February 17, 2015

**VIA ECF**

Hon. Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Mark W. Batten
Member of the Firm
d 617.526.9850
f 617.526.9899
mbatten@proskauer.com
www.proskauer.com

      Re:    Mark, et al. v. Gawker Media LLC, et al., No. 13 Civ. 04347 (AJN) (SN)

Dear Judge Nathan:

      This firm is counsel to the defendants in the above-captioned matter, Gawker Media LLC and Nick Denton (collectively, "Gawker"), and I write in response to Plaintiffs' proposed social media plan, as directed by the Court's February 13 Order.

      In ordinary circumstances, notice of a collective action is a one-time event. The employer provides a list of names and mailing addresses, and plaintiffs' counsel sends a single copy of the Court-approved notice by U.S. Mail. Potential collective members receive notice of the lawsuit one time, and the content of the communication is limited to the notice that the Court has approved. Plaintiffs here, by contrast, want to contact potential opt-ins repeatedly – "Just [xx] more days to opt in!" – and to engage in ongoing dialogue rather than limiting the communication to the approved notice. Gawker has agreed throughout that the lack of complete contact information justifies the use of communication methods other than mail, but that need does not justify discarding the other limitations on the notice process.

      First, Plaintiffs should not be permitted to send notice to putative collective members more than once. Repeated messages are more likely to annoy than to inform. And repeated messages urging individuals to opt in before time runs out exceed the scope of notice communications that courts permit. Similarly, Plaintiffs should not be permitted to communicate with the same prospective plaintiff through more than one social media site. Where Plaintiffs have identified a particular person, they should not be permitted to send a Facebook message to that person and a tweet and a LinkedIn invitation.

      Second, and more importantly, the content of communications by Plaintiffs' counsel should be limited to those approved by the Court. In ruling originally that social media would be permitted, the Court noted that individuals might discuss the lawsuit among themselves and that the Court would not restrict those communications. Gawker of course understands that, and did not intend to suggest that the Court should try to monitor or limit those conversations, or that those discussions were a reason not to permit notice by social media. The point, rather, was about communications between *Plaintiffs' counsel* and potential opt-ins. As the Court held in its November 3, 2014 Order: "The Court's role is to ensure fairness and accuracy of the parties'

6880/32851-001 current/47513983v1

Beijing | Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, DC

**Proskauer»**

Hon. Alison J. Nathan
February 17, 2015
Page 2

communications with potential plaintiffs – not to be the arbiter of all discussions not involving the parties that may take place thereafter." Order at 6-7. Gawker entirely agrees, but what the Plaintiffs propose here is not merely to permit discussions among potential plaintiffs, but to permit unmonitored back-and-forth between putative class members and Plaintiffs' counsel. Permitting that would defeat the purpose of requiring judicial approval of a written notice. *See, e.g.*, *Forauer v. Vt. Country Store, Inc.*, 2013 U.S. Dist. LEXIS 164167, 17-19, 2013 WL 6086202 (D. Vt. Nov. 19, 2013) (a district court managing FLSA notice "must be scrupulous to respect judicial neutrality," and "any discrepancies between the court-authorized notice and subsequent communications could undermine the district court's responsibility to remain neutral in the process").

In addition to those general objections, Gawker has the following specific objections to Plaintiffs' proposal.

**Twitter**

Given the Court's determination to permit notice of this lawsuit via Twitter, Gawker does not object to the creation of a Twitter account by Plaintiffs' counsel, or their sending of a tweet inviting potential collective members to join the case. Plaintiffs' proposal goes well beyond that, however.

First, Plaintiffs should be limited to a single general tweet, and a single direct message to any individual known to be a former Gawker intern. Gawker proposes the most neutral of those suggested by Plantiffs: "To join the collective action lawsuit brought by former Gawker interns, please visit GawkerlnternLawsuit.com for more information."

Second, Gawker objects to Plaintiffs' proposed hashtags. Most are general and have little connection to this particular lawsuit, such as #lawsuit, #internships, #gawker, #minimumwage, and #intern. The hashtags #fairpay and #livingwage are inflammatory, and the Court's approval of those would suggest that the Court has a view about the merits of this lawsuit. And the use of #nickdenton is also inappropriate; Mr. Denton is not identified with this case, and his personal conduct is not at issue in the matter.

There is no reason to use more than one hashtag, in any case; Twitter itself recommends no more than two.[1] If the Court is inclined to permit Plaintiffs to use hashtags at all, then Gawker proposes #gawkerinternlawsuit.

Modified to include the hashtag and fit within Twitter's 140-character limit, the tweet would be "To join the collective action lawsuit brought by former Gawker interns, please visit GawkerlnternLawsuit.com #gawkerinternlawsuit"

---

[1] *See* https://support.twitter.com/articles/49309-using-hashtags-on-twitter# (last visited February 16, 2015).

**Proskauer»**

Hon. Alison J. Nathan
February 17, 2015
Page 3

### LinkedIn

Taking the Court's November 3 Order as law of the case, Gawker does not object to the creation of a LinkedIn group, but proposes the following amendments to Plaintiffs' plan:

First, the Group Profile should simply direct individuals to a copy of the approved notice, without further discussion of the case (and without the invitation to phone Plaintiffs' counsel). The purpose of the social media presence is to get the Court-approved notice to potential collective members, and the LinkedIn group should not do more than that.

Second, Plaintiffs should not be permitted to send announcements with reminders to group members. Anyone who joins the group will have received a link to the notice, and that accomplishes the purpose.

### Reddit

As with their proposed #fairpay and #livingwage hashtags, Plaintiffs' plan with respect to Reddit is calculated less to reach potential collective members than to connect this lawsuit with unrelated controversies and political causes. For example, the topic "KotakuInAction," where Plaintiffs propose to post, centers around criticism of commentary that a Gawker editor made in October 2014 related to a controversy known as GamerGate, which had nothing to do with interns or any remotely related subject.[2] The topic area (known as a "subreddit" or "sub") has since expanded to general criticism of Kotaku (a Gawker website). As one prominent comment states: "There is a reason this sub is called 'KotakuInAction', they are the worst of the worst and there is plenty of ammunition laying bare, use it and feel free to add to the munitions pile below." Plaintiffs apparently would like notice of the lawsuit to be added to this "munitions pile," but there is no justification for doing so. The same is true of Plaintiffs' request to post information about this lawsuit in the "OccupyWallStreet," "LostGeneration," and "Progressive" subreddits.

The Court specifically mentioned Facebook, LinkedIn, and Twitter in its November 3 Order. There is little to be gained by posting information about this case on Reddit as well, and the Court should deny this request.

### Facebook

Again accepting as law of the case that Plaintiffs will be permitted to use Facebook to disseminate notice, Gawker does not object to the creation of a Facebook page called GawkerInternLawsuit. It should be what Facebook calls a Page rather than a Group, however. As Facebook explains, a Page permits organizations "to communicate broadly with people who

---

[2] For a description of the GamerGate controversy, see, e.g., http://en.wikipedia.org/wiki/Gamergate_controversy (last visited February 16, 2015).

**Proskauer»**

Hon. Alison J. Nathan
February 17, 2015
Page 4

like them," while Groups "provide a space for people to communicate about shared interests." Since the purpose of the Facebook presence is merely to notify potential collective members about the case, rather than to create a discussion forum, a Page is more appropriate.

Gawker also objects to the proposal that Plaintiffs' counsel add prospective plaintiffs as "friends." The Facebook page serves the purpose of notice. Plaintiffs' counsel seek to represent collective members, but they are not proposing "friendship" in any sense of the word, and permitting friend requests would be misleading.

Also, as with LinkedIn, the Facebook page description should simply direct readers to a copy of the notice, without additional narrative.

Finally, to the extent that Plaintiffs communicate with specific interns, the sole content of that communication should be to provide a link to the court-approved notice – the equivalent of an envelope mailed to that person's home address.

### Tumblr

The Court should decline to permit posting of the notice on Tumblr. Tumblr is a collection of blogs ("Tumblr is blogs," its home page declares). Permitting Plaintiffs to create a blog is equivalent to their creating a website, and Plaintiffs already have been permitted to create two of those – GawkerInternLawsuit.com and GawkerClassAction.com. There is no need for a third.

### Notice to Defendants

Finally, Gawker respectfully requests that the Court direct the Plaintiffs to notify the Defendants as any approved pages and accounts are created, and permit Defendants access to them for purposes of reading what is publicly posted.

We appreciate the Court's consideration of these matters.

Respectfully submitted,

/s/Mark W. Batten

Mark W. Batten

cc: Andrea Paparella, Esq.
    Robert Adler, Esq.