UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Aulistar Mark, *et al.*,

        Plaintiffs,

–v–

Gawker Media LLC, *et al.*,

        Defendants.

13-cv-4347 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On August 14, 2015, the Court received by email a request from Plaintiffs to file redacted versions of documents associated with their motions for class certification and summary judgment using the Electronic Case Filing system ("ECF"), and to file unredacted versions of the relevant documents under seal. On August 18, 2015, the Court ordered Plaintiffs to refile their request pursuant to Rule 4.A by providing an explanation for redaction under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and by properly discharging the parties' meet-and-confer duties. Dkt. No. 156.

On August 24, 2015, the Court received by email a request from Defendants on behalf of all parties to redact limited information contained in the Declarations in Support of Plaintiffs' Motions for Class Certification and Summary Judgment.[1] Specifically, the parties propose to redact certain personal information—email addresses, telephone numbers, bank account information, and individuals' names where those names are linked to online "handles" or

---

[1] The Court notes that Defendants point out in their August 24, 2015 joint request that the parties are no longer seeking any redactions or sealing of Plaintiffs' Memoranda of Law with respect to Plaintiffs' Motions for Class Certification and Summary Judgment. The parties' requested redactions are therefore limited to the Declarations in Support thereof.

1

nicknames. They also seek to redact internal Gawker URLs, usernames, and passwords. On September 18, 2015, Plaintiffs submitted a letter similarly requesting permission to file redacted versions of certain documents attached to Plaintiffs' Counsel's Declaration in Opposition to Defendants' Motion for Summary Judgment using ECF, and to file unredacted versions of those documents under seal. Plaintiffs seek to redact the same categories of information as Defendants, and note that most of the documents and proposed redactions contained in this letter are identical to those in the August 24, 2015 request.

The Federal Rules of Civil Procedure recognize the importance of maintaining confidentiality with respect to certain financial information. *See* Fed. R. Civ. P. 5.2(a)(4) ("[I]n an electronic or paper filing with the court that contains . . . a financial-account number, a party or nonparty making the filing may include only the last four digits of the financial-account number."). Accordingly, the Court grants the parties' request to redact the highlighted portions of the supporting documents containing personal bank account information.

The remainder of the request is subject to the three-part test set forth by the Second Circuit in *Lugosch*, 435 F.3d at 119-20. First, the Court must determine whether the document at issue is a "judicial document" by examining whether it is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Erie Cnty.*, 763 F.3d 235, 239 (2d Cir. 2014) (quoting *Lugosch*, 435 F.3d at 119). If the Court determines the documents are judicial documents, a common-law presumption of access attaches and the Court must then determine the weight to be given that presumption. *Lugosch*, 435 F.3d at 119. Documents submitted for consideration with summary judgment motions are considered, as a matter of law, "judicial documents to which a strong presumption of access attaches." *Id.* at 121. The final

step in the Court's inquiry requires balancing the weight of presumption of access with any "competing considerations." *Id.* at 120.

The First Amendment to the United States Constitution also informs this inquiry by "protect[ing] the public's right to have access to judicial documents." *Erie Cnty.*, 763 F.3d at 239. To determine whether this right attaches, the Second Circuit has looked to whether "experience and logic" support public access to the documents. *Id.* (quoting *Lugosch*, 435 F.3d at 120). In doing so, the Court must "consider (a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)." *Id.* (quoting *Lugosch*, 435 F.3d at 120). Should the Court find that a First Amendment right of access attaches, the documents "may be sealed [only] if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *Lugosch*, 435 F.3d at 120) (alteration in original).

The Court has reviewed the proposed redactions. With respect to the first step of the common-law inquiry, the Court finds that the documents submitted in connection with Plaintiffs' Motion for Summary Judgment and Plaintiffs' Opposition to Defendants' Motion for Summary Judgment are "judicial documents" for purposes of the redaction request. *See Lugosch*, 435 F.3d at 121 (concluding that documents submitted in connection with a motion for summary judgment are "judicial documents" in the context of a sealing request). Given that class certification is an adjudication, the Court further finds that the documents submitted in connection with Plaintiffs' Motion for Class Certification are "judicial documents." *Cf. Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (documents submitted on a summary judgment motion are entitled to a presumption

of access because summary judgment is an adjudication, "the basis of which should, absent exceptional circumstances, be subject to public scrutiny").

Proceeding to the second step of the inquiry, the Court determines the weight of the presumption of access to these documents to be significant under both the common law and First Amendment analysis. *See Lugosch*, 435 F.3d at 121 ("[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment.").

With respect to the final step of the inquiry, the Court finds the privacy interests in individuals' personal information as well as Gawker's confidential business information to be "competing considerations" sufficient to rebut the common-law presumption of access. *Id.* at 120 ("Such countervailing factors include . . . 'the privacy interests of those resisting disclosure.'") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Given the limited scope of the request and the privacy interests at stake, the Court similarly finds under a First Amendment analysis that the closure is "essential to preserve higher values" and the request is "narrowly tailored to serve that interest." *Erie Cnty.*, 763 F.3d at 239 (quoting *Lugosch*, 435 F.3d at 120) (internal quotation marks omitted).

Accordingly, the Court provisionally grants the parties' request to redact the highlighted portions of the supporting documents containing email addresses, telephone numbers, and individuals' names where linked to online "handles" or nicknames. *See Cohen v. Gerson Lehrman Grp., Inc.*, No. 09-cv-4352, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (sealing of individual contact information permitted). In the interest of protecting confidential business information, the Court also provisionally grants the parties' request to redact the

highlighted portions of the exhibits containing internal Gawker URLs, usernames, and passwords. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding district court's finding that the defendant's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"). With respect to all of the proposed redactions, Plaintiffs shall promptly file the redacted version of the exhibits and the Court will file under seal unredacted versions of the relevant documents. Plaintiffs shall submit courtesy copies to the Court.

The Court does caution the parties, however, as it has previously stated, that its reliance in a written opinion on a specific piece of information meant that "the presumption of access outweighs the asserted interest in maintaining the confidentiality" of that information. *In re A2P SMS Antitrust Litig.*, 972 F. Supp. 2d 465, 494 n.15 (S.D.N.Y. 2013). Before ruling on the Plaintiffs' motions for class certification and summary judgment, it is impossible to determine what material the Court will rely upon in its decisions, and it is probable that information relied upon will be subject to a heightened presumption of access. *Cf. Standard Inv.*, 347 F. App'x at 617. Thus, the Court may revisit this decision following the resolution of the parties' motions or upon request.

SO ORDERED.

Dated: Nov. 16, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge